**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 23 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



AMADO ALEXANDER ELIAS, a.k.a.
Hector Rodriguez,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 12-72236

Agency No. A094-202-103

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2014[**]

Before:    CLIFTON, BEA, and WATFORD, Circuit Judges.

Amado Alexander Elias, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for relief under the

Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252.  We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act.  *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010).  We deny the petition for review.

Substantial evidence supports the agency's adverse credibility finding based on the omission from Elias's asylum application and affidavit of two incidents in which gang members beat and physically injured him.  *See Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011) ("Material alterations in the applicant's account of persecution are sufficient to support an adverse credibility finding.").  The agency reasonably rejected Elias's explanations for the omissions.  *See Rizk v. Holder*, 629 F.3d 1083, 1091 (9th Cir. 2011).  Further, the record does not otherwise compel the conclusion that it is more likely than not Elias will be tortured if returned to El Salvador.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156-57 (9th Cir. 2003).  Finally, we reject Elias's contentions that the agency failed to consider Elias's risk of torture in the aggregate and that the agency misapplied *Cole v. Holder*, 659 F.3d 762 (9th Cir. 2011).  Accordingly, Elias's CAT claim fails.

**PETITION FOR REVIEW DENIED.**